STATE OF NORTH CAROLINA v. GARY DEAN GREENE

No. 456A87

(Filed 5 September 1991)

**1. Criminal Law § 1352 (NCI4th) — murder — sentencing — McKoy error — prejudicial**

Requiring unanimity in finding the mitigating circumstance of mental or emotional disturbance when sentencing defendant for murder was prejudicial error because there was substantial evidence to support that circumstance in addition to defendant's alcohol use, which is relevant only to impaired capacity. The jury's rejection of the impaired capacity circumstance after considering the same evidence did not render the *McKoy* error

STATE v. GREENE

[329 N.C. 771 (1991)]

on the mental or emotional disturbance circumstance harmless because each mitigating circumstance is discrete, with its own meaning and effect. Furthermore, the jury's consideration of defendant's alcohol use on a nonstatutory mitigating circumstance which it unanimously found did not make the *McKoy* error on the mental and emotional disturbance mitigating circumstance harmless because defendant's alcohol use was only part of the evidence offered in support of this circumstance and this circumstance is listed in the capital sentencing statute and has therefore been deemed by the legislature to have mitigating value.

**Am Jur 2d, Homicide §§ 548, 553, 555.**

**Unanimity as to punishment in criminal case where jury can recommend lesser penalty. 1 ALR3d 1461.**

**2. Criminal Law § 1357 (NCI4th) — murder — sentencing — mental or emotional disturbance — provocation**

There was evidence in a capital sentencing proceeding of the mitigating circumstance of mental or emotional disturbance, even if *State v. Irwin*, 304 N.C. 93, required some sort of provocation as a prerequisite to submission of that circumstance. Although some provocation will almost always be present when defendant suffers from a mental or emotional circumstance contemplated by N.C.G.S. § 15A-2000(f)(2), the language in *Irwin* concerning provocation was dictum.

**Am Jur 2d, Homicide §§ 554, 555.**

ON remand from the Supreme Court of the United States. Heard in the Supreme Court 14 February 1991.

*Lacy H. Thornburg, Attorney General, by Thomas J. Ziko, Special Deputy Attorney General, for the State.*

*Malcolm R. Hunter, Jr., Appellate Defender, by Marshall Dayan, Assistant Appellate Defender, for the defendant-appellant.*

EXUM, Chief Justice.

Defendant was convicted of the first-degree murder of his father and sentenced to death. On appeal this Court found no error in either the guilt determination proceeding or the capital sentencing proceeding. *State v. Greene*, 324 N.C. 1, 376 S.E.2d 430 (1989)

## STATE v. GREENE

[329 N.C. 771 (1991)]

(*Greene I*). Subsequently, the Supreme Court of the United States granted defendant's petition for writ of certiorari, vacated our judgment, and remanded the case to us for further consideration in light of *McKoy v. North Carolina*, 494 U.S. 433, 108 L. Ed. 2d 369 (1990). *Greene v. North Carolina*, 494 U.S. ---, 108 L. Ed. 2d 603 (1990).

After denying defendant's motion to remand the case to superior court for the imposition of a sentence of life imprisonment, we heard the case on supplemental briefs ordered by the Court and directed to the questions whether there was *McKoy* error in defendant's sentencing proceeding and, if so, whether the error was harmless. After considering the supplemental briefs and further argument, we conclude defendant's sentencing proceeding was marred by reversible *McKoy* error. We therefore vacate the death sentence and remand for a new capital sentencing proceeding.

Our opinion in *Greene I* summarizes the evidence. We will not repeat it here except as necessary for an understanding of the *McKoy* issues.

In *McKoy* the United States Supreme Court held unconstitutional under the Eighth and Fourteenth Amendments of the federal Constitution jury instructions in capital sentencing proceedings which require juries to be unanimous in the finding of mitigating circumstances. Reasoning from its decisions in *Lockett v. Ohio*, 438 U.S. 586, 57 L. Ed. 2d 973 (1978), and *Mills v. Maryland*, 486 U.S. 367, 100 L. Ed. 2d 384 (1988), the *McKoy* Court concluded that each individual juror should be permitted to take into account in the final sentence determination any circumstance that juror determines to exist which is supported by evidence and which could reasonably mitigate the capital crime.

Here the State concedes, and we agree, that defendant's jury was erroneously instructed contrary to the dictates of *McKoy*. The only issue meriting discussion is whether the *McKoy* error is harmless. Because the error is of constitutional dimension, the State bears the burden of demonstrating that it was harmless beyond a reasonable doubt. *State v. McKoy*, 327 N.C. 31, 394 S.E.2d 426 (1990); N.C.G.S. § 15A-1443(b) (1988).

The jury answered the mitigating circumstances submitted as follows:

**STATE v. GREENE**

[329 N.C. 771 (1991)]

1. Was this murder committed while the defendant was under the influence of a mental or emotional disturbance?

No—Not unanimous.

2. Was the capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law impaired?

No—The jury was unanimous—His capacity was not impaired.

3. Did the defendant's intelligence quotient (I.Q.) of 81, place him in the lowest ten percent of the population?

Yes—Unanimous.

4. Was the defendant a model prisoner in the Caldwell County jail while awaiting trial?

Yes—Unanimous.

5. Was the defendant a person of good behavior except for when he was drinking alcohol?

Yes—Unanimous.

6. Did the defendant have a good relationship with the deceased prior to May 1, 1986?

No—Not unanimous.

7. Is there any other circumstance or circumstances arising from the evidence which you the jury deem to have mitigating value?

Yes—Unanimous.

It is apparent from these answers that one or more jurors would have concluded that mitigating circumstances one and six existed and would have weighed these circumstances in making the ultimate sentencing decision had not the erroneous unanimity instruction precluded the juror, or jurors, from doing so. We conclude, for the reasons given below, that the *McKoy* error as to circumstance one was not harmless and that, because of it, defendant must be given a new capital sentencing hearing. We need not further consider the error as it relates to mitigating circumstance six.

[1] The State first contends the error was harmless as to circumstance one, the mental or emotional disturbance circumstance, because of the insubstantiality of the evidence supporting it. The State argues this circumstance is supported only by evidence of defendant's alcohol use, which may be properly considered only in support of circumstances two and five. *See State v. Irwin*, 304 N.C. 93, 282 S.E.2d 439 (1981) (evidence of alcohol use relevant only to impaired capacity, not mental or emotional disturbance, circumstance).

We think there was substantial evidence, in addition to defendant's alcohol use, to support the statutory mental or emotional disturbance mitigating circumstance. The prosecution offered evidence that this murder was motivated by defendant's anger toward his father grounded in defendant's fear that his father would disinherit him. The State offered evidence of the victim's statements disparaging defendant to show that there was ill will between defendant and his father and that his father did, indeed, intend to disinherit defendant "if he didn't straighten up." Defendant's evidence at the sentencing proceeding was that he suffered from organic brain damage which resulted in his having poor judgment and a lack of impulse control. Dr. Harold Haas, a psychologist, who after examining and testing defendant diagnosed his brain damage, testified that this dysfunction "rendered [defendant] an individual who has relative little foresight . . . and on impulse he does whatever his emotions kind of command at the time. . . . He gets carried away by his emotions . . . ." Dr. Haas testified that "once [defendant] is aroused, he acts quickly to do something whether that was wise or unwise. He might be carried away by his feelings." According to Dr. Haas, defendant's condition would be exacerbated by alcohol consumption. There was evidence that defendant had been drinking beer on the day his father was murdered. Dr. Haas testified if defendant were "aroused, say with anger or provoked with frustration, and got into an argument, . . . he might very well lose control and do something violent that could be quite disturbing."

Next, the State argues the *McKoy* error as to the mental or emotional disturbance mitigating circumstance was harmless because the jury considered the same evidence supporting this circumstance under mitigating circumstance two, the impaired capacity circumstance, which the jury unanimously rejected.

That the same evidence supporting the mental or emotional disturbance circumstance was considered by the jury on the rejected impaired capacity circumstance does not render the *McKoy* error on the former circumstance harmless. Each mitigating circumstance is a discrete circumstance. Each has its own meaning and effect. It would not be inconsistent for one or more jurors, considering the same evidence in support of both circumstances, to find that defendant was mentally or emotionally disturbed but that his capacity to appreciate his conduct's criminality or to conform his conduct to law was not impaired.

That the jury considered evidence of defendant's alcohol use on nonstatutory mitigating circumstance five, which it unanimously found favorably to defendant, does not make the *McKoy* error on the mental and emotional disturbance mitigating circumstance harmless. The reasons are, first, defendant's alcohol use, as we have shown, was only part of the evidence offered in support of this circumstance and, second, this circumstance, being listed in the capital sentencing statute, has been deemed by the legislature to have mitigating value.

We find *State v. Fullwood*, 329 N.C. 233, 404 S.E.2d 842 (1991), controlling on the harmlessness issue. There, although the jury found seven of ten mitigating circumstances favorably to defendant, including the mental or emotional disturbance circumstance, because of a lack of unanimity it failed to find the impaired capacity mitigating circumstance. We concluded that the *McKoy* error with regard to this unfound circumstance was not harmless, saying:

> The circumstance in question is a statutory mitigating circumstance, N.C.G.S. § 15A-2000(f)(6), and therefore, presumed to have mitigating value if found. *E.g.*, *State v. Wilson*, 322 N.C. 117, 144, 367 S.E.2d 589, 605 (1988). The legislature thought this circumstance was significant enough to be listed specifically and, therefore, to be considered and weighed individually, despite the fact that the evidence supporting it might also support other submitted mitigating circumstances. Therefore, we decline to adopt the argument that evidence which supported this statutory mitigating circumstance was "subsumed" in the jury's consideration of the mitigating circumstances found and as a result, that the failure to consider this statutory mitigating circumstance was harmless. To adopt such reasoning would circumvent the clear mandate of the legislature that

this mitigating circumstance be given some weight, if found to exist. N.C.G.S. § 15A-2000(f)(6). Accordingly, we cannot say that the *McKoy* error in the present case was harmless beyond a reasonable doubt.

*Id.* at 238, 404 S.E.2d at 845.

[2] Finally, the State argues that the mental or emotional disturbance mitigator should only be considered where there is evidence of some provocation of the defendant which is sufficient to bring on the disturbance. It relies on the following language from *State v. Irwin*:

The North Carolina death penalty statute is substantially similar to the American Law Institute Model Penal Code. We find the Code's commentary as to the pertinent mitigating factors helpful. According to the commentary, the provisions for mental or emotional disturbance deals [sic] with imperfect provocation; that situation where such disturbance is not subject to reasonable explanation as would reduce a first-degree murder charge to second-degree murder or manslaughter, but may be weighed against imposition of the death penalty.

304 N.C. at 105, 282 S.E.2d at 447.

Even if *Irwin* requires some sort of provocation of defendant as a prerequisite to submission of the mental or emotional mitigating circumstance, there is, as we have shown, evidence of it here. The provocation contemplated in *Irwin* is not that ordinarily thought of as sufficient to reduce the homicide to a lesser degree, such as from first- to second-degree murder or from second-degree murder to manslaughter. It is merely that factor or factors which helped motivate an abnormally susceptible defendant to commit murder, but which a person of normal mental and emotional stability would likely have resolved without such disastrous results. Here it was defendant's anger brought on by his father's indications that defendant might be disinherited. In *State v. Fullwood*, 323 N.C. 371, 373 S.E.2d 518 (1988), *death sentence vacated*, 494 U.S. ---, 108 L. Ed. 2d 602 (1990), it was a "love-affair angle." Other emotional disturbance cases provide similar examples. *See, e.g., State v. Huff*, 325 N.C. 1, 381 S.E.2d 635 (1989) (defendant, believing his wife unfaithful and planning divorce, murdered mother-in-law and child), *death sentence vacated*, --- U.S. ---, 111 L. Ed. 2d 777 (1990), *on remand*, 328 N.C. 532, 402 S.E.2d 577 (1991); *State v. Sanders*,

327 N.C. 319, 395 S.E.2d 412 (1990) (defendant, fearing he was being watched by someone, murdered acquaintance), *cert. denied,* 498 U.S. ---, 112 L. Ed. 2d 782 (1991); *State v. Jones,* 327 N.C. 439, 396 S.E.2d 309 (1990) (defendant's girlfriend, pregnant with his child, broke off relationship; defendant abused controlled substances and murdered bystander during armed robbery).

Although some provocation of the sort described will almost always be present where defendant suffers from a mental or emotional disturbance contemplated by N.C.G.S. § 15A-2000(f)(2) (1981), we do not read *Irwin* to *hold* that it is a prerequisite to *submission* of this mitigating circumstance.

The question in *Irwin* to which the language relied on by the State was addressed was not whether the mental or emotional disturbance circumstance should have been submitted. The question was whether the trial judge erred in failing to review the evidence of defendant's intoxication from alcohol and Tuinol, a central nervous system depressant, when he instructed on the circumstance. Both the impaired capacity and the mental or emotional disturbance mitigating circumstances were submitted to the jury. As summarized in the opinion, the principal evidence of both was apparently defendant's voluntary intoxication; and defendant's experts related this evidence to the impaired capacity mitigating circumstance. The trial court reviewed this evidence in instructing on the impaired capacity, but not the mental or emotional disturbance, circumstance. The Court said that voluntary intoxication, by alcohol or drugs, "is not within the meaning of a mental or emotional disturbance . . . [and insofar as] it affects defendant's ability to understand and to control his actions . . . is properly considered under the provision for impaired capacity . . . ." *Irwin,* 304 N.C. at 106, 282 S.E.2d at 447-48.

On this reasoning, the Court held the failure of the trial court to relate the evidence of defendant's intoxication to the mental or emotional disturbance circumstance was not error. The language in *Irwin* concerning provocation, being unnecessary to that holding, was dictum.

For the reasons given, we vacate the sentence of death and remand to Superior Court, Caldwell County, for a new capital sentencing proceeding.

Death sentence vacated; remanded for new capital sentencing proceeding.