STATE OF NORTH CAROLINA v. MICHAEL LEE FULLWOOD

No. 37A86

(Filed 12 June 1991)

1. **Criminal Law § 1352 (NCI4th)— unanimity required to find mitigating circumstance—instruction prejudicial error**

    In light of the evidence that defendant's I.Q. score was on the borderline level between "low normal" intelligence and retarded, that defendant suffered from very low feelings of self-esteem and "inadequate personality," that defendant's ability to understand and be understood through words was severely limited, and that defendant was extremely upset at the time of the murder because his lover and his baby were going to leave him, the Supreme Court could not conclude beyond a reasonable doubt that the trial court's instruction that the jury must find unanimously any mitigating circumstance before it could be considered did not preclude one or more jurors from considering in mitigation the defendant's evidence of his diminished capacity to appreciate the criminality of his act or to conform his conduct to the requirements of the law. N.C.G.S. § 15A-2000(f)(6).

    **Am Jur 2d, Criminal Law § 600.**

    **Unanimity as to punishment in criminal case where jury can recommend lesser penalty. 1 ALR3d 1461.**

2. **Criminal Law § 1360 (NCI4th)— diminished capacity to appreciate criminality of act—mitigating circumstance to be considered separately**

    The Supreme Court declined to adopt the State's argument that evidence which supported the statutory mitigating circumstance of defendant's diminished capacity to appreciate the criminality of his act or to conform his conduct to the requirements of the law was "subsumed" in the jury's consideration of the mitigating circumstances found, and, as a result, that the failure to consider this statutory mitigating circumstance was harmless, since to adopt such reasoning would circumvent the clear mandate of the legislature that this mitigating circumstance be given some weight, if found to exist.

    **Am Jur 2d, Criminal law §§ 154, 598, 599, 628; Homicide § 554.**

STATE v. FULLWOOD

[329 N.C. 233 (1991)]

Comment note—Mental or emotional condition as diminishing responsibility for crime. 22 ALR3d 1228.

ON remand by the Supreme Court of the United States, 494 U.S. ---, 108 L. Ed. 2d 602 (1990), for further consideration in light of *McKoy v. North Carolina*, 494 U.S. 433, 108 L. Ed. 2d 369 (1990). Heard on remand in the Supreme Court of North Carolina on 10 April 1991.

*Lacy H. Thornburg, Attorney General, by Joan Herre Byers, Special Deputy Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, for the defendant-appellant.*

MITCHELL, Justice.

The defendant was convicted of felonious breaking and entering and of the first degree murder of Deidre Waters. He was sentenced to a term of imprisonment for breaking and entering and to death for first degree murder. On appeal, this Court found no error in the defendant's trial or sentencing and upheld the sentences imposed. *State v. Fullwood*, 323 N.C. 371, 373 S.E.2d 518 (1988). Subsequently, the Supreme Court of the United States vacated the judgment and remanded the case to this Court for further consideration in light of *McKoy v. North Carolina*, 494 U.S. 433, 108 L. Ed. 2d 369 (1990). *State v. Fullwood*, 494 U.S. ---, 108 L. Ed. 2d 602 (1990). On 3 October 1990, we ordered the parties to file supplemental briefs addressing the effect, if any, of *McKoy* upon the present case.

The evidence supporting the defendant's conviction and death sentence is summarized in this Court's prior opinion. *Fullwood*, 323 N.C. 371, 373 S.E.2d 518. It will not be repeated here, except where necessary to discuss the question before us on remand.

[1] In *McKoy v. North Carolina*, the Supreme Court of the United States held unconstitutional—under the eighth and fourteenth amendments—jury instructions in a capital case directing that, in determining whether to impose a sentence of death or life imprisonment, no juror was to consider any circumstance in mitigation of the offense unless the jury unanimously found that the circumstance had been proved to exist. *McKoy*, 494 U.S. 433, 108 L. Ed. 2d 369. Our review of the record reveals that the jury

in the present case was so instructed. Specifically, the "Issues For Sentencing" form required the jury to be unanimous to find a mitigating circumstance. Issue Two on the form asked the jury: "Do you unanimously find from the evidence the existence of one or more of the following mitigating circumstances?" The trial judge reinforced this written instruction by reading it to the jury. Thus, the sole issue is whether this *McKoy* error can be deemed harmless. *See State v. McKoy*, 327 N.C. 31, 44, 394 S.E.2d 426, 433 (1990). "The error . . . is one of federal constitutional dimension, and the State has the burden to demonstrate its harmlessness beyond a reasonable doubt." *Id.*; N.C.G.S. § 15A-1443(b) (1988). On the record before us, we must conclude that the State has not carried its burden.

The trial court submitted eleven possible mitigating circumstances in writing, as follows:

(A) The murder was committed while the defendant was under the influence of a mental or emotional disturbance.

. . . .

(B) The capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law was impaired.

. . . .

(C) The age of the defendant at the time of the crime.

. . . .

(D) The defendant's immaturity or limited mental capacity at the time of the commission of the offense.

. . . .

(E) The defendant sought the assistance of vocational rehabilitation to prepare himself for better employment.

. . . .

(F) The defendant sought the assistance of the Human Resources Development Program of Asheville-Buncombe Technical College to prepare himself for better employment.

. . . .

(G) The defendant has tried to maintain employment.

. . . .

(H) The defendant has been a loving and devoted father to his daughter, Michelle.

. . . .

(I) The defendant has expressed remorse and sorrow for what he has done.

. . . .

(J) The offense was committed by means of a weapon or weapons acquired at the Hawks' residence and not taken there by the defendant.

. . . .

(K) Any other circumstance or circumstances arising from the evidence which you, the jury, deem to have mitigating value.

The jury found most of the mitigating circumstances submitted but rejected circumstances "(C)" and "(H)." The jury left the form blank after circumstances "(B)" and "(K)." We can only conclude that the answers left blank indicate that the jury was divided as to whether those mitigating circumstances existed. Therefore, the State must show that the constitutionally defective instructions which prevented any juror from considering the mitigating circumstances left blank was harmless beyond a reasonable doubt.

One of the mitigating circumstances left blank by the jury was the statutory mitigating circumstance that "the capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was impaired." N.C.G.S. § 15A-2000(f)(6) (1988). Since the jurors disagreed as to whether this mitigating circumstance existed, we must determine whether it was supported by substantial evidence. *State v. Brown*, 327 N.C. 1, 394 S.E.2d 434 (1990).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). The term "substantial evidence" simply means "that the evidence must be existing and real, not just seeming or imaginary." *State v. Powell*, 299 N.C. 95, 99, 261 S.E.2d 114, 117 (1980).

*State v. Vause*, 328 N.C. 231, 236, 400 S.E.2d 57, 61 (1991); *accord State v. Earnhardt*, 307 N.C. 62, 66, 296 S.E.2d 649, 652 (1982).

Our detailed review of the evidence reveals there was substantial evidence to support this statutory mitigating circumstance.

Dr. Brad Fisher, found by the trial court to be an expert in correctional clinical psychology, testified *inter alia* that the defendant had a full scale I.Q. of 80 and that such a score is on the borderline level between "low normal" intelligence and "retarded." Dr. Fisher also testified that the defendant suffered from very low feelings of self-esteem and "inadequate personality." Additional testimony was given by John Clement who was found by the court to be an expert in psychology. He stated that the defendant "was lacking in verbal abilities" and that defendant's ability to understand and be understood through words was severely limited. Mr. Clement further testified that the defendant was extremely upset at the time of the murder because his lover and his baby were going to leave him, and that this emotional anguish aggravated his already limited reasoning ability, low feelings of self-esteem and inadequate personality. In Clement's opinion, the stress from his poor relationship with his lover and child affected the defendant's limited intellectual resources to the extent that the defendant's judgment was very poor at the moment of the crime.

In light of the evidence adduced at trial, we cannot conclude beyond a reasonable doubt that the trial court's instruction that the jury must find unanimously any mitigating circumstance before it could be considered did not preclude one or more jurors from considering in mitigation the defendant's evidence of his diminished capacity to appreciate the criminality of his act or to conform his conduct to the requirements of the law. Nor can we conclude beyond a reasonable doubt that had such jurors been permitted, under proper instructions, to consider this circumstance, they nevertheless would have voted for the death penalty rather than life imprisonment. *See State v. Sanderson*, 327 N.C. 397, 403, 394 S.E.2d 803, 806 (1990).

[2] In support of its argument that the error was harmless, the State contends that the evidence which supports this statutory mitigating circumstance was fully weighed in favor of the defendant when the jury considered the mitigating circumstances it found to exist. For example, the State contends that evidence about the effect of the defendant's emotional stress on his ability to function was fully considered by the jury when it found and weighed the mitigating circumstance that the defendant was under the influence

of a mental or emotional disturbance at the time he committed the murder. Similarly, the State argues that the evidence about the defendant's low I.Q. was fully considered when the jury found the defendant's immaturity or limited mental capacity at the time of the commission of the offense to be a mitigating circumstance. The State contends that since all of the evidence in support of the unfound circumstance of impaired capacity was fully considered by the jury in weighing the mitigating circumstances found to exist, the erroneous instruction did not prejudice the defendant and was harmless. We disagree.

The circumstance in question is a statutory mitigating circumstance, N.C.G.S. § 15A-2000(f)(6), and, therefore, presumed to have mitigating value if found. *E.g., State v. Wilson*, 322 N.C. 117, 144, 367 S.E.2d 589, 605 (1988). The legislature thought this circumstance was significant enough to be listed specifically and, therefore, to be considered and weighed individually, despite the fact that the evidence supporting it might also support other submitted mitigating circumstances. Therefore, we decline to adopt the argument that evidence which supported this statutory mitigating circumstance was "subsumed" in the jury's consideration of the mitigating circumstances found and, as a result, that the failure to consider this statutory mitigating circumstance was harmless. To adopt such reasoning would circumvent the clear mandate of the legislature that this mitigating circumstance be given some weight, if found to exist. N.C.G.S. § 15A-2000(f)(6). Accordingly, we cannot say that the *McKoy* error in the present case was harmless beyond a reasonable doubt.

For the foregoing reasons, the sentence of death is vacated and this case is remanded to the Superior Court, Buncombe County, for a new capital sentencing proceeding. *See State v. McNeil*, 327 N.C. 388, 397, 395 S.E.2d 106, 112 (1990). Our disposition of this case on the impaired capacity mitigating circumstance makes it unnecessary for us to consider the effect of the constitutionally erroneous instructions with regard to the other mitigating circumstances not found.

Death sentence vacated; remanded for new capital sentencing proceeding.