**STATE v. ARTIS**

[329 N.C. 679 (1991)]

No. 504A84

(Filed 14 August 1991)

**Criminal Law § 1352 (NCI4th) — death sentence — McKoy error — harmlessness not shown**

A *McKoy* error in a capital sentencing proceeding in which defendant was sentenced to death was not shown to be harmless beyond a reasonable doubt where the verdict form shows only that the jury unanimously found "one or more" mitigating circumstances to exist; substantial evidence supported each of the six specified mitigating circumstances submitted; and

STATE v. ARTIS

[329 N.C. 679 (1991)]

one submitted circumstance was deemed by statute to have mitigating value and the others were such that a juror could reasonably find them to have mitigating value. Therefore, defendant's sentence of death is vacated and the case is remanded for a new capital sentencing proceeding.

**Am Jur 2d, Criminal Law § 628.**

**Unanimity as to punishment in criminal case where jury can recommend lesser penalty. 1 ALR3d 1461.**

ON remand from the Supreme Court of the United States. Heard in the Supreme Court on 12 March 1991.

*Lacy H. Thornburg, Attorney General, by Joan Herre Byers, Special Deputy Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Gordon Widenhouse, Assistant Appellate Defender, for the defendant-appellant.*

EXUM, Chief Justice.

Defendant was convicted of the rape and first-degree murder of Joann Brockman and sentenced to death. On defendant's appeal, we found no error in either the guilt proceeding or the capital sentencing proceeding against defendant. *State v. Artis*, 325 N.C. 278, 384 S.E.2d 470 (1989) (*Artis I*). On 19 March 1990 the United States Supreme Court granted defendant's petition for writ of certiorari, vacated our judgment and remanded to this Court for further consideration in light of *McKoy v. North Carolina*, 494 U.S. 433, 108 L. Ed. 2d 369 (1990). *Artis v. North Carolina*, 494 U.S. ---, 108 L. Ed. 2d 604 (1990).

On remand, we denied defendant's motion for the imposition of a life sentence, ordered supplemental briefs limited to the questions of whether, under *McKoy*, there was error in defendant's capital sentencing proceeding and, if so, whether the error was harmless. The case was heard on the supplemental briefs. We now conclude there was reversible *McKoy* error, and we vacate the death sentence and remand for a new capital sentencing proceeding.

The evidence is summarized in *Artis I*. We will not repeat it here except as necessary for an understanding of the *McKoy* issues.

STATE v. ARTIS

[329 N.C. 679 (1991)]

In *McKoy* the United States Supreme Court held unconstitutional under the Eighth and Fourteenth Amendments of the federal Constitution jury instructions in capital sentencing proceedings which require juries to be unanimous in the finding of mitigating circumstances. Reasoning from its decisions in *Lockett v. Ohio*, 438 U.S. 586, 57 L. Ed. 2d 973 (1978), and *Mills v. Maryland*, 486 U.S. 367, 100 L. Ed. 2d 384 (1988), the *McKoy* Court concluded that each individual juror should be permitted to take into account in the final sentence determination any circumstance that the individual juror determines to exist which is supported by evidence and which could reasonably mitigate the capital crime.

Here the State concedes, and we agree, that defendant's jury was erroneously instructed contrary to the dictates of *McKoy*. The only issue meriting discussion is whether the *McKoy* error was harmless. Because the error is of constitutional dimension the State bears the burden of demonstrating its harmlessness beyond a reasonable doubt. N.C.G.S. § 15A-1443(b) (1988); *State v. McKoy*, 327 N.C. 31, 44, 394 S.E.2d 426, 433 (1990).

The trial court submitted to the sentencing jury seven circumstances it deemed to be mitigating and supported by the evidence:

(1) The capacity of Roscoe Artis to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law was impaired.

(2) The defendant, Roscoe Artis, is bordering on mild mental retardation with a full scale intelligence quotient of 67.

(3) Roscoe Artis is an illegitimate child and experienced less than normal relationships with his mother and father.

(4) Roscoe Artis was gainfully employed on October 22, 1983.

(5) Roscoe Artis has done prior good works.

(6) Roscoe Artis in his formative years was subjected to abuse by his family.

(7) Any other circumstance or circumstances arising from the evidence which you the jury deem to have mitigating value.

Under the instructions and verdict form submitted to the jury, it was not required to, and did not, give its findings as to each mitigating circumstance. All we know from the verdict form is

that the jury unanimously found one or more of the mitigating circumstances to exist.

Faced with this same situation in *State v. McNeil*, 327 N.C. 388, 395 S.E.2d 106 (1990), *cert. denied*, --- U.S. ---, 113 L. Ed. 2d 459 (1991), we concluded that a *McKoy* error could not be shown to be harmless if there was substantial evidence to support two or more of the mitigating circumstances submitted and a juror could reasonably find that the circumstances did in fact mitigate the crime. We said:

> Given the verdict forms used in this case, it is impossible for this Court to determine which, if any, of the . . . specifically worded mitigating circumstances the jury found to exist. Nor can we determine which, if any, 'other (mitigating) circumstance or circumstances' the jury found to exist under the . . . 'catchall' circumstance . . . . We only know that the jury found 'one or more' mitigating circumstances to exist . . . . Thus, if substantial evidence was introduced at trial to support any two or more mitigating circumstances, the *McKoy* error has not been shown to be harmless, because the erroneous unanimity requirement may have precluded a juror from considering a circumstance which he or she thought had been established by evidence and was mitigating but which the jury did not unanimously find.

*Id.* at 394, 395 S.E.2d at 110. After determining in *McNeil* that there was substantial evidence to support each of the submitted mitigating circumstances and that a juror could reasonably find each to have mitigating value, we held that defendant was entitled to a new capital sentencing hearing.

In the instant case there is substantial evidence to support each of the submitted mitigating circumstances. One was by statute deemed to have mitigating value and the others were such that a juror could reasonably find them to have mitigating value. *McNeil*, therefore, controls the harmlessness issue favorably to defendant.

Regarding defendant's capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law and his mental retardation, the evidence was: On the day of the murder defendant was "high . . . from beer" and "drunk." Defendant's IQ was 67, which placed him in the upper range of mentally retarded individuals. Such evidence is "sufficient to allow

a reasonable juror examining defendant's behavior, mental problems, and intelligence to conclude that defendant's capacity was impaired." *State · v. Sanders*, 327 N.C. 319, 344, 395 S.E.2d 412, 428 (1990). It is, of course, also sufficient to support the mental retardation mitigating circumstance. *State v. Sanders*, 327 N.C. 319, 395 S.E.2d 412; *State v. McNeil*, 327 N.C. 388, 395 S.E.2d 106; *State v. Robinson*, 327 N.C. 346, 395 S.E.2d 402 (1990).

Substantial evidence also supports the other specified mitigating circumstances submitted. Family members testified defendant was an illegitimate child who had little, if any, relationship with his natural parents. Others testified defendant during his childhood had been abused by family members who beat him and let him go hungry. There was testimony that defendant had been employed at Lumbee Farms, was a steady worker, did chores around the house, provided financial support to pay household expenses and helped his neighbors and the elderly in the area.

We find this case indistinguishable in principle from *McNeil* on the harmlessness issue. As in *McNeil*, defendant's death sentence is vacated and the case is remanded to Superior Court, Robeson County, for a new capital sentencing proceeding.

Death sentence vacated; remanded for a new capital sentencing proceeding.