STATE OF NORTH CAROLINA v. HAROLD VERNARD QUICK

No. 18A92

(Filed 29 July 1994)

1. **Criminal Law § 1355 (NCI4th)— capital sentencing—mitigating circumstance—no significant criminal history—failure to submit—prejudicial error**

The trial court erred by failing to instruct the jury in a capital sentencing hearing on the statutory mitigating circumstance that defendant had no significant history of prior criminal activity where evidence presented by the State in its case-in-chief and on cross-examination of defendant revealed that defendant had used drugs illegally and had been convicted of larceny, receiving stolen goods and forgery, since the jury should have been allowed to consider whether this history was insignificant. The trial court's failure to submit this mitigating circumstance was not harmless beyond a reasonable doubt because it cannot positively be said that the jury would not have found the existence of this circumstance and that, had this circumstance been balanced against the aggravating circumstances, the jury would still have returned a sentence of death. The trial court's submission of a nonstatutory mitigating circumstance that "[t]he defendant has no prior convictions of crimes involving violence" did not cure its failure to submit the statutory mitigating circumstance because the jury was not required to give mitigating value to the nonstatutory circumstance if the jury found its existence but would be required to give the statutory circumstance mitigating value.

**Am Jur 2d, Criminal Law §§ 598, 599.**

2. **Evidence and Witnesses §§ 1077, 1087 (NCI4th)— accusation of murder—silence by defendant—SBI agent's testimony—cross-examination of defendant—violation of constitutional right to silence**

The trial court in a capital resentencing hearing erred by permitting the State to elicit testimony from an SBI agent that, during interrogation after defendant had been advised of his *Miranda* rights and had been informed that he was under arrest, defendant had remained silent when faced with the agent's accusation that he murdered the victim, since this testimony amounted to an impermissible reference to defendant's exercise of his

right to silence. The trial court also erred by permitting the State to cross-examine defendant about his silence in the face of the SBI agent's accusation of murder since this questioning allowed the jury to infer guilt and lack of remorse through defendant's exercise of his constitutional right to silence.

**Am Jur 2d, Evidence §§ 802 et seq.; Homicide § 339.**

Justice MEYER dissenting.

Appeal of right by defendant pursuant to N.C.G.S. § 7A-27(a) from a judgment imposing a sentence of death entered by Washington, J., at the 24 August 1987 Criminal Session of Superior Court, Richmond County, upon a jury verdict finding defendant guilty of first-degree murder and a jury recommendation that defendant be sentenced to death. Heard in the Supreme Court 13 September 1993.

*Michael F. Easley, Attorney General, by Steven F. Bryant, Special Deputy Attorney General, for the State.*

*Thomas K. Maher for defendant-appellant.*

EXUM, Chief Justice.

This appeal presents questions regarding the mitigating circumstance that defendant has no significant history of prior criminal activity, N.C.G.S. § 15A-2000(f)(1) (1988), and whether the State improperly offered evidence of defendant's silence during a pretrial interrogation. Concluding there was reversible error in failing to submit the mitigating circumstance and at least error in offering evidence of defendant's silence, we vacate the sentence of death and remand for a new sentencing hearing.

This is defendant's second appeal of a death sentence. At his first trial he was convicted of robbery with a dangerous weapon and first-degree murder on the basis of premeditation and deliberation and under the felony-murder rule. Upon the jury's recommendation, the trial court imposed a sentence of death for the murder and arrested judgment on the robbery conviction. On his first appeal we found no prejudicial error in the guilt phase of defendant's trial, but concluded defendant was entitled to a new sentencing proceeding under *McKoy v. North Carolina,* 494 U.S. 433, 108 L. Ed. 2d 369 (1990). *State v. Quick,* 329 N.C. 1, 405 S.E.2d 179 (1991).

At the new sentencing hearing conducted at the December 1991 Criminal Session of Superior Court, Richmond County, the jury again returned a recommendation of, and the trial court imposed, a sentence of death. Defendant has brought forth thirteen assignments of error. Because we find reversible error in the trial court's failure to instruct on the statutory mitigating circumstance that defendant has no significant history of prior criminal activity we address this assignment. Because the issue is likely to arise at the next sentencing proceeding, we also address defendant's assignment of error relating to the admission of his silence during a pretrial interrogation.

Except as necessary for an understanding of the issues we will not repeat the evidence inasmuch as it is adequately summarized in our prior opinion on the first appeal.

I.

**[1]** By his tenth assignment of error, defendant contends the trial court erred in failing to submit statutory mitigating circumstance (f)(1).

The General Assembly has mandated that:

In all cases in which the death penalty may be authorized, the judge shall include in his instructions to the jury that it must consider any aggravating circumstance or circumstances or mitigating circumstance or circumstances from the list provided in subsections (e) and (f) which may be supported by the evidence . . . .

N.C.G.S. § 15A-2000(b) (1988). The law regarding submission of mitigating circumstance (f)(1) states that:

The trial court is required to determine whether the evidence will support a rational jury finding that a defendant has no significant history of prior criminal activity. *State v. Wilson*, 322 N.C. 117, 367 S.E.2d 589 (1988). If so, the trial court has no discretion; the statutory mitigating circumstance must be submitted to the jury, without regard to the wishes of the State or the defendant. *State v. Lloyd*, 321 N.C. 301, 364 S.E.2d 316, *vacated on other grounds*, 488 U.S. 807, 102 L. Ed. 2d 18 (1988).

*State v. Mahaley*, 332 N.C. 583, 597, 423 S.E.2d 58, 66 (1992). Regardless of whether defendant requests submission of this mitigating circumstance or objects to its submission to the jury, mitigating circumstance (f)(1) must be submitted to the jury where the trial court

determines the mitigating circumstance is supported by the evidence. *State v. Jones*, 336 N.C. 229, 247, 443 S.E.2d 48, 56 (1994); *State v. Robinson*, 336 N.C. 78, 118, 443 S.E.2d 306, 325-26 (1994); *State v. Gibbs*, 335 N.C. 1, 55, 436 S.E.2d 321, 352 (1993), *cert. denied*, —— U.S. ——, —— L. Ed. 2d —— (1994); *State v. McHone*, 334 N.C. 627, 641-42, 435 S.E.2d 296, 304 (1993), *cert. denied*, —— U.S. ——, 128 L. Ed. 2d 220 (1994); *State v. Mahaley*, 332 N.C. 583, 586, 423 S.E.2d 58, 60 (1992); *State v. Bacon*, 326 N.C. 404, 418, 390 S.E.2d 327, 335 (1990); *State v. Artis*, 325 N.C. 278, 311, 384 S.E.2d 470, 489 (1989), *sentence vacated*, 494 U.S. 1023, 108 L. Ed. 2d 604, *on remand*, 329 N.C. 679, 406 S.E.2d 827 (1991); *State v. Laws*, 325 N.C. 81, 110, 381 S.E.2d 609, 626 (1989), *sentence vacated*, 494 U.S. 1022, 108 L. Ed. 2d 603, *on remand*, 328 N.C. 550, 402 S.E.2d 573 (1991); *State v. Fullwood*, 323 N.C. 371, 394, 373 S.E.2d 518, 531 (1988), *sentence vacated*, 494 U.S. 1022, 108 L. Ed. 2d 602, *on remand*, 329 N.C. 233, 404 S.E.2d 842 (1991); *State v. Wilson*, 322 N.C. 117, 142, 367 S.E.2d 589, 603 (1988); *State v. Lloyd*, 321 N.C. 301, 310, 364 S.E.2d 316, 322 (1988), *sentence vacated*, 494 U.S. 1021, 108 L. Ed. 2d 601, *on remand*, 329 N.C. 662, 407 S.E.2d 218 (1991); *State v. Brown*, 315 N.C. 40, 62, 337 S.E.2d 808, 824-25 (1985), *overruled on other grounds by State v. Vandiver*, 321 N.C. 570, 364 S.E.2d 373 (1988); *see also State v. Stokes*, 308 N.C. 634, 652, 304 S.E.2d 184, 195-96 (1983); *State v. Hutchins*, 303 N.C. 321, 356, 279 S.E.2d 788, 809 (1981).

Evidence in the present case, though not offered by defendant, tended to show that defendant had some history of prior criminal activity. Evidence presented by the State in its case-in-chief and on cross-examination of defendant revealed that he had used drugs illegally and had been convicted of larceny, receiving stolen goods and forgery.

In *Mahaley* and *Wilson*, we held the trial court erred by failing to submit mitigating circumstance (f)(1) when the evidence revealed defendant had engaged in prior criminal activity similar to and certainly no less than defendant's criminal activity in the case now before us. In *Mahaley*, the evidence showed illegal drug activity and larceny of money and credit cards to support a drug habit. *Mahaley*, 332 N.C. at 598, 423 S.E.2d at 67. In *Wilson*, defendant had a prior conviction for the second-degree kidnapping of his wife and had engaged in other prior criminal activity including the storage of illegal drugs and complicity in a theft. *Wilson*, 322 N.C. at 143, 767 S.E.2d at 604.

*Mahaley* and *Wilson* also held the error to be reversible, requiring a new sentencing proceeding. In *Wilson*, we held that the "rights guaranteed by N.C.G.S. § 15A-2000 are anchored in the eighth amendment prohibition against cruel and unusual punishment in that the statute 'requires consideration of the character and record of the individual offender and the circumstances of the particular offense as a constitutionally indispensable part of the process of inflicting the penalty of death.' " *Wilson*, 322 N.C. at 144, 367 S.E.2d at 605 (quoting *Woodson v. North Carolina*, 428 U.S. 280, 304, 49 L. Ed. 2d 944, 961 (1976)). Because failure to submit the statutory mitigating circumstance of no significant history of prior criminal activity, when it is supported by the evidence, is a violation of both our statute and the Eighth Amendment, the standard for determining prejudice is N.C.G.S. § 15A-1443(b), which provides that violation of defendant's federal constitutional rights is prejudicial unless the State can demonstrate on appeal that it was harmless beyond a reasonable doubt. N.C.G.S. § 15A-1443(b) (1988). *Mahaley*, 332 N.C. at 598, 423 S.E.2d at 67.

In *Wilson*, we stated that the Court had "no way of knowing whether the failure to submit this statutory mitigating circumstance to the jury may have tipped the scales in favor of the jury determination that the aggravating circumstances were sufficiently substantial to call for imposition of the death penalty." *Wilson*, 322 N.C. at 146, 367 S.E.2d at 606. *See also Brown*, 315 N.C. at 62, 337 S.E.2d at 822 ("common sense, fundamental fairness and judicial economy require that any reasonable doubt regarding the submission of a statutory or requested mitigating [circumstance] be resolved in favor of the defendant").

Here the record demonstrates that the jury knew about defendant's history of prior criminal activity, but was not allowed to consider whether this history was insignificant. "We cannot state that had this mitigating circumstance been submitted to the jury, the jury would not have found its existence. *See State v. Brown*, 315 N.C. 40, 337 S.E.2d 808." *Wilson*, 322 N.C. at 146, 367 S.E.2d at 606. Further, we cannot conclude positively "that had this statutory mitigating circumstance been found and balanced against the aggravating circumstances, the jury would still have returned a sentence of death." *Mahaley*, 332 N.C. at 599, 423 S.E.2d at 67-68. We therefore hold that failure to submit this mitigating circumstance was not harmless beyond a reasonable doubt.

The State contends defendant received the benefit of the evidence about his prior criminal activity by the submission of a nonstatutory mitigating circumstance that "[t]he defendant has no prior convictions of crimes involving violence." In *Mahaley*, we held that the trial court's submission of two nonstatutory mitigating circumstances which paralleled statutory mitigating circumstance (f)(1) did not satisfy the State's burden of showing harmlessness beyond a reasonable doubt.

> The fact that the trial court substituted the nonstatutory mitigating circumstances that "the defendant has no history of violence or physical injury to others" and "the defendant has no record of criminal convictions" does not satisfy the State's burden. The trial court's submission of these two nonstatutory circumstances was inadequate because the trial court gave the jury the discretion, if it found either circumstance to exist, to determine "whether you deem this to have mitigating value." As a result of this instruction, the jury was not required to give any weight to such nonstatutory mitigating circumstances. By contrast, if a jury determines that a statutory mitigating circumstance exists, it must give that circumstance mitigating value. *State v. Fullwood*, 323 N.C. 371, 373 S.E.2d 518 (1988) [*vacated on other grounds*, 494 U.S. 1022, 108 L. Ed. 2d 602 (1990)].

*Mahaley*, 332 N.C. at 598, 423 S.E.2d at 67. As in *Mahaley*, the jury in the present case was instructed that it was within its discretion to determine whether the nonstatutory mitigating circumstance existed and, if so, whether it deemed it to have mitigating value. Because the jury was not required to give mitigating value to the nonstatutory mitigating circumstance if the jury found the circumstance's existence, its submission did not cure the trial court's failure to submit statutory mitigating circumstance (f)(1).

*Mahaley* and *Wilson* are dispositive of this issue favorably to defendant. We therefore conclude the trial court's failure to submit mitigating circumstance (f)(1) is reversible error.

II.

[2] By another assignment of error defendant contends the trial court erred by allowing the State to present testimony regarding defendant's failure to respond to questions following his arrest. Because we are granting a new sentencing hearing on other grounds, we need not address this matter in terms of reversible error. However, due to the

likelihood of this issue arising upon resentencing, we address defendant's argument at this time.

Evidence presented at resentencing tended to show that on 6 April 1987 defendant was taken to the Richmond County Courthouse where he was questioned by five law enforcement officers, including Agent Snead of the State Bureau of Investigation. Defendant was informed he was not under arrest and was free to leave at any time. He was then read a form setting forth his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694 (1966). The form stated that, "You have the right to remain silent. Anything you say can be used against you in court." The form also stated that "If you decide to answer questions now, without a lawyer present, you will still have the right to stop answering at any time. You also have the right to stop answering at any time, until you talk to a lawyer."

Defendant waived his rights and then explained his whereabouts during the time at which the murder was believed to have occurred. He denied ever visiting the residence of the victim and further denied any involvement with the death of the victim.

During the interview, Agent Snead received a telephone call from Agent Johnnie Leonard with the Latent Evidence Section of the State Bureau of Investigation. Agent Leonard informed Agent Snead that defendant's fingerprints had been found on an ashtray in the victim's home. Agent Snead hung up the phone and said to defendant, "You're under arrest for first degree murder."

Over defendant's objection, Agent Snead testified to the following at resentencing:

Q: Did you say anything else to Mr. Quick?

A: I did.

Q: What did you say?

A: I asked him if he was ready to tell the truth, and he did not respond. I looked him dead in the eye, and I said, "You're a cold-bloodied [sic] son-of-a-bitch, how does it feel to kill a seventy-eight year old helpless man."

Mr. Nichols: Objection and Motion to Strike.

Court: Over-ruled.

Q: What was his response to that statement?

A: He had no reaction. He acted like I was talking about the weather.

No limiting instructions were given by the court with regard to this evidence.

We believe it was error for the trial court to allow admission of this testimony as it amounted to an impermissible reference to defendant's exercise of his right to silence. In *State v. Hoyle*, 325 N.C. 232, 382 S.E.2d 752 (1989), we stated:

> The United States Supreme Court held in *Doyle v. Ohio*, 426 U.S. 610, 49 L.Ed.2d 91 (1976), that when a person under arrest has been advised of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 16 L.Ed.2d 694 (1966), which includes the right to remain silent, there is an implicit promise that the silence will not be used against that person.

*Id.* at 236, 382 S.E.2d at 754. Here upon being advised of his rights, defendant was advised that he could remain silent or cease answering questions at any time. During resentencing, however, the State was allowed to elicit testimony which revealed defendant had remained silent when faced with the accusation that he murdered the victim. This testimony should have been excluded as the State's purpose for presenting it was clearly to demonstrate to the jury that defendant did not deny the accusation. This is evidenced by the prosecutor's closing argument:

> Has this defendant ever once shed a tear, showed any compassion. He sits there as Agent Snead said, and we're talking about a vicious, cold-bloodied [sic] murder, like we're talking about the murder. That man (indicating) is utterly without compassion, members of the jury. You have never seen any evidence of it. That is a cold-bloodied [sic] killer sitting over there (indicating).

> Members of the jury, his own testimony, the State contends would support that. You saw him sitting on the stand. Now, how could he not react at all when Agent Snead, investigating, gets up in his face and calls him a cold-bloodied [sic] SOB, right in his face, "How does it feel to kill a helpless seventy-eight year old man— how does it feel to kill him?"

> And, that man (indicating) doesn't react at all. Didn't say a word.

> Use your own common sense and reason. If he didn't do it, wouldn't he be saying, "You've got the wrong man. Get away from me. Have you lost your mind?"

**STATE v. QUICK**

[337 N.C. 359 (1994)]

Once a defendant has been advised of his right to remain silent, "it is a violation of defendant's rights under the Fourteenth Amendment to the Constitution of the United States to then impeach the defendant on cross-examination by questioning him about the silence." *Id.* Yet in the instant case defendant was asked the following during cross-examination:

Q: And When Mr. Snead—Mr. Snead did call you a cold-bloodied [sic] son-of-a-bitch, didn't he?

Mr. Nichols: OBJECTION.

Court: OVER-RULED.

Q: Didn't he?

A: Yeah.

Q: You didn't get mad at him, did you?

A: Well, I—I wondered what he was doing calling me a cold-bloodied [sic] son-of-a-bitch.

Q: And, he sat right there and accused you, directly in your face, of killing that man, didn't he?

A: He accused me of killing him.

Q: Right in your face, didn't he?

A: What [sic] I supposed to say.

Q: And, you didn't say a single word back to him, did you?

A: Yeah [sic], I told him I hadn't killed nobody [sic].

Q: So, when he said you didn't say a word back to him, he wasn't telling the truth, isn't that right?

A: I—I—I responded back to him.

This questioning by the State wrongfully referred to the defendant's silence in the face of Agent Snead's accusation of murder, and it allowed the jury to infer guilt and lack of remorse through defendant's exercise of his constitutional right to silence. The testimony therefore should have been excluded.

For the foregoing reasons, we vacate the sentence of death and remand this case to Superior Court, Richmond County, for a new capital sentencing proceeding.

DEATH SENTENCE VACATED; REMANDED FOR NEW CAPITAL SENTENCING PROCEEDING.

Justice MEYER dissenting.

I do not agree that the failure to give the instruction on the "no significant criminal history" mitigating circumstance, N.C.G.S. § 15A-2000(f)(1) (1988), in the case at bar constitutes reversible error. The evidence before the court precluded the submission of that circumstance.

I believe that the facts reflected in the record on appeal indicate a significant history of criminal activity. The record reflects that defendant used drugs illegally and admitted from the witness stand that he had been convicted of larceny, receiving stolen goods, and forgery within the last ten years. Not only is defendant's criminal activity recent, it is "significant" because much of it involves criminal activity similar to the crime with which he is charged in this case. Accordingly, I believe the trial court properly declined to submit the (f)(1) mitigating circumstance in this case.

In addition, without regard to the outcome of this particular case, I wish to comment on a problem highlighted by the case.

Heretofore, we have required, as we have in this case, the trial judge to review all the evidence in the record concerning defendant's prior criminal activity, regardless of when, for what purpose, and by whom it was submitted, and then to determine, *ex mero motu*, whether such evidence warrants submission of mitigating circumstance N.C.G.S. § 15A-2000(f)(1); this must be done without regard to defendant's position on the issue. *State v. Wilson*, 322 N.C. 117, 143, 367 S.E.2d 589, 604 (1988).

After our considerable experience with this particular mitigating circumstance, I now conclude that this requirement places our trial judges in the untenable position of having their decision on this question frequently assigned as error whether they submit the circumstance or fail to submit it on evidence that, from case to case, appears similar. *See, e.g., State v. Mahaley*, 332 N.C. 583, 423 S.E.2d 58 (1992) (error in trial court's failure to submit mitigating circumstance when evidence showed defendant had engaged in illegal drug activity and larceny of money and credit cards to support a drug habit); *State v. Turner*, 330 N.C. 249, 410 S.E.2d 847 (1991) (submission of mitigating circumstance (f)(1) proper where record showed defendant had been

convicted of four misdemeanors, including receiving stolen goods, larceny, worthless check, and assault with deadly weapon, and had engaged in criminal activity, including possession of marijuana, theft, sale of marijuana to victim which led to fatal altercation, and possession of sawed-off shotgun); *State v. McNeil*, 327 N.C. 388, 395 S.E.2d 106 (1990) (proper to submit mitigating circumstance (f)(1) despite defendant's prior conviction for voluntary manslaughter), *cert. denied*, 499 U.S. 942, 113 L. Ed. 2d 459 (1991); *State v. Wilson*, 322 N.C. 117, 367 S.E.2d 589 (error not to submit mitigating circumstance (f)(1) even though defendant had prior conviction for second-degree kidnapping of wife); *State v. Brown*, 315 N.C. 40, 337 S.E.2d 808 (1985) (proper to submit mitigating circumstance (f)(1) over defendant's objection even though evidence revealed defendant's criminal history included six counts of felonious breaking and entering, six counts of felonious larceny, five counts of armed robbery, and one count of felonious assault), *cert. denied*, 476 U.S. 1165, 90 L. Ed. 2d 733 (1986), *overruled on other grounds by State v. Vandiver*, 321 N.C. 570, 364 S.E.2d 373 (1988); *State v. Stokes*, 308 N.C. 634, 304 S.E.2d 184 (1983) (proper not to submit mitigating circumstance where history included several larcenies, several breaking and enterings, possessing and using marijuana all within a five-year period), *appeal after remand*, 319 N.C. 1, 352 S.E.2d 653 (1987) (court submitted mitigating circumstance (f)(1) at resentencing hearing). In the instant case, the majority likewise concludes that the trial court committed error in failing to submit this circumstance when the evidence showed that defendant had used drugs illegally and had been convicted of larceny, receiving stolen goods, and forgery.

I have come to believe that it is time for the legislature to revisit this issue. It is well established that in a capital sentencing proceeding, the defendant has the burden of proof on all mitigating circumstances, the standard of proof being by a preponderance of the evidence, *State v. Holden*, 321 N.C. 125, 362 S.E.2d 513 (1987), *cert. denied*, 486 U.S. 1061, 100 L. Ed. 2d 935 (1988); *State v. Johnson*, 298 N.C. 47, 257 S.E.2d 597 (1979).

In any case, the party bearing the burden of proof on an issue has both the burden of producing evidence in support of the party's position on that issue and the burden of persuading the trier of fact that because of such evidence, the issue should be answered in the party's favor. Kenneth S. Broun, *Brandis & Broun on North Carolina Evidence* § 30 (4th ed. 1993). In a criminal case on an issue on which the defendant has the burden of proof, the defendant's burden of produc-

tion may be satisfied by the defendant's own evidence or by evidence offered by the State. *State v. Oliver,* 334 N.C. 513, 434 S.E.2d 202 (1993); *State v. Phipps,* 331 N.C. 427, 418 S.E.2d 178 (1992); *State v. Brogden,* 329 N.C. 534, 407 S.E.2d 158 (1991); *State v. McQueen,* 324 N.C. 118, 377 S.E.2d 38 (1989); *State v. Mash,* 323 N.C. 339, 372 S.E.2d 532 (1988); *State v. Robbins,* 309 N.C. 771, 309 S.E.2d 188 (1988).

In light of the evidentiary principles governing the defendant's burden of proof as to mitigating circumstances, I believe that the following principles should govern the submission of mitigating circumstance (f)(1).

First, defendant should retain the burden of producing evidence in support of mitigating circumstance (f)(1). Second, defendant may meet this burden of production by offering evidence himself or by relying on evidence offered by the State. Third, if defendant, in order to meet his burden of production, relies on evidence offered by the State, *he should be required to expressly so advise the trial court.* If defendant offers evidence of his prior criminal activity in support of mitigating circumstance (f)(1), or expressly relies on evidence offered by the State, he should be deemed to have proffered evidence in support of mitigating circumstance (f)(1).

If defendant proffers evidence in support of mitigating circumstance (f)(1), the trial court must submit the circumstance for the jury's consideration. If defendant fails to proffer evidence in support of this circumstance in the manner prescribed above, then he should be deemed to have waived any right he might have had to have this circumstance submitted at trial and should not be permitted to assign as error on appeal the failure of the trial court to submit it.

I recognize that requiring the trial judge to submit mitigating circumstance (f)(1) when defendant proffers evidence in support of it is somewhat unusual in that it removes from the trial judge the obligation to make the determination in the first instance of whether the evidence supports submission of the circumstance. I believe, however, that such an approach is warranted because this particular mitigating circumstance has the unusual attribute of being self-policing. A defendant will know that if he proffers evidence in support of this circumstance, the State may offer evidence in rebuttal. A defendant will not want this circumstance to be submitted and will not want to proffer evidence in support of it unless he thinks a reasonable jury would find the circumstance in his favor based on the true state of defendant's prior criminal activity. To have this circumstance sub-

mitted when defendant's prior criminal activity is such that a reasonable jury will likely reject the circumstance will work to defendant's detriment.

Further, whether someone's "prior criminal activity" is "significant" is a completely subjective inquiry. What is "significant criminal activity" to some will be "insignificant criminal activity" to others. Like "beauty," what is "significant criminal activity" lies in the eye of the beholder.

For these reasons, I conclude that it is proper and would be the better practice to leave submission of this circumstance to the discretion of the defendant.

I now conclude, contrary to our previous holdings, that evidence offered by the State for other purposes, such as other crimes evidence under North Carolina Evidence Rule 404(b) or evidence of criminal convictions to prove an aggravating circumstance under N.C.G.S. § 15A-2000(e), should not provide the basis for an instruction on or support the submission of mitigating circumstance (f)(1). For it to become such evidence, it should be proffered by defendant for the purpose of supporting submission of mitigating circumstance (f)(1).