STATE OF NORTH CAROLINA v. BERNARDINO ZUNIGA

No. 156A85-3

(Filed 8 May 1998)

**Criminal Law § 1390 (NCI4th Rev.)— capital sentencing—age of defendant—mitigating circumstance—erroneous failure to submit**

The trial court erred by failing to submit to the jury in a capital sentencing proceeding the (f)(1) mitigating circumstance of defendant's age where defendant was twenty-seven years old at the time of the murder; defendant scored a 56, indicating an intellectual age of 7.4 years, on an IQ test administered by a psychologist and a 64 on an IQ test given by a psychiatrist; the psychologist and the psychiatrist both testified that defendant suffered from mild to moderate mental retardation and that performance tests indicated evidence of chronic brain damage; and the psychologist and psychiatrist were both of the opinion that defendant's mental condition significantly restricted defendant's ability to conform his conduct to the requirements of the

law at the time of the murder. Furthermore, this error was not rendered harmless by the jury's consideration of the (f)(2) emotional disturbance mitigating circumstance, the (f)(6) impaired capacity mitigating circumstance, and the nonstatutory mental retardation mitigating circumstance. N.C.G.S. § 15A-2000(f)(1).

Justice LAKE dissenting.

Appeal as of right pursuant to N.C.G.S. § 7A-27(a) from a judgment imposing a sentence of death entered by Albright, J., at the 11 September 1995 Special Session of Superior Court, Davidson County. Heard in the Supreme Court 14 October 1997.

The defendant was indicted for the murder and rape of April Lee Sweet on or about 13 July 1982. In February of 1985, he was tried capitally and found guilty of first-degree murder and first-degree rape. He received a death sentence for the murder conviction and a consecutive term of life imprisonment for the rape conviction. We affirmed the conviction and the death sentence in *State v. Zuniga*, 320 N.C. 233, 357 S.E.2d 898, *cert. denied*, 484 U.S. 959, 98 L. Ed. 2d 384 (1987).

The defendant filed a motion for appropriate relief in the Superior Court, Davidson County. That motion was denied on 20 July 1991. This Court allowed the defendant's petition for a writ of certiorari and in *State v. Zuniga*, 336 N.C. 508, 444 S.E.2d 443 (1994), vacated the death sentence and remanded for a new sentencing proceeding on the grounds that the jury instructions were unconstitutional under *McKoy v. North Carolina*, 494 U.S. 433, 108 L. Ed. 2d 369 (1990).

At the new sentencing proceeding, Dr. Antonio Puente, an expert in psychology, testified for the defendant. Dr. Puente testified that he gave the defendant several psychological tests and that the results of each of the tests showed the defendant was in the impaired range. Dr. Puente concluded that the defendant suffered from mild to moderate mental retardation, with an intellectual age of seven, and organic brain syndrome of moderate range. Dr. Puente testified that the defendant's intellectual age of seven means he functions like an average seven-year-old. Organic brain syndrome indicates there is something wrong with the brain and that, as a consequence, the defendant's behavior is abnormal. The defendant scored a 56 on an IQ test. Dr. Puente also testified that the defendant had very low impulse control. He said that he felt the defendant's ability to appreciate the crim-

inality of his conduct and his ability to conform to the requirements of law were impaired.

Dr. Patricio Lara, a forensic psychiatrist, testified that he had examined the defendant and that, in his opinion, the defendant's abstract thinking process was very limited, as were his judgment and self-awareness. In his opinion, the defendant is mentally retarded, suffers from organic brain damage, and is significantly restricted in his ability to conform his actions to the limits established by law. The defendant scored 64 on an IQ test administered by Dr. Lara.

Other evidence presented at the sentencing proceeding is unnecessary to recite to have an understanding of this opinion.

The jury found one aggravating circumstance, that the murder was committed while the defendant was engaged in the commission of first-degree rape. N.C.G.S. § 15A-2000(e)(5) (1997). The jury found two statutory and two nonstatutory mitigating circumstances. The defendant did not request and the court did not submit the mitigating circumstance, "The age of the defendant at the time of the crime." N.C.G.S. § 15A-2000(f)(7). The jury found that the mitigating circumstances did not outweigh the aggravating circumstances and recommended the death penalty, which was imposed.

The defendant appealed.

*Michael F. Easley, Attorney General, by Barry S. McNeill, Special Deputy Attorney General, for the State.*

*Ann B. Petersen for the defendant-appellant.*

WEBB, Justice.

The defendant assigns error to the court's failure to submit the (f)(7) mitigator, "The age of the defendant at the time of the crime." N.C.G.S. § 15A-2000(f)(7). The court was required to submit to the jury any statutory mitigating circumstances which the evidence would support regardless of whether the defendant objects to it or requests it. *State v. Lloyd*, 321 N.C. 301, 312, 364 S.E.2d 316, 324, *sentence vacated on other grounds*, 488 U.S. 807, 102 L. Ed. 2d 18 (1988).

In interpreting the (f)(7) mitigator, we have held that chronological age is not the determinative factor. We have said age is a flexible and relative concept. "The defendant's immaturity, youthfulness, or lack of emotional or intellectual development at the time of the crime must also be considered." *State v. Bowie*, 340 N.C. 199, 203, 456

S.E.2d 771, 773, *cert. denied*, 516 U.S. 994, 133 L. Ed. 2d 435 (1995); *see State v. Johnson*, 317 N.C. 343, 393, 346 S.E.2d 596, 624 (1986); *State v. Oliver*, 309 N.C. 326, 372, 307 S.E.2d 304, 333 (1983).

In *State v. Holden*, 338 N.C. 394, 450 S.E.2d 878 (1994), we held that the age circumstance should have been submitted to the jury where there was substantial evidence showing that despite the defendant's being thirty years old, his mental age was ten years and his problem-solving skills were closer to those of a ten-year-old. *Id.* at 407-08, 450 S.E.2d at 885.

In this case, the defendant presented evidence from Dr. Puente and Dr. Lara that was at least as substantial as that offered in *Holden*. Dr. Puente testified that the defendant has a history of mild to moderate mental retardation and organic brain syndrome of moderate range. On one IQ test administered by Dr. Puente, the defendant scored a 56, signifying an intellectual age of 7.4 years. He administered numerous other tests, all of which indicated that the defendant is impaired. Dr. Puente was of the opinion that the defendant was impaired at the time he committed the murder and rape and that the defendant's ability to appreciate the criminality of his conduct and his ability to conform to the requirements of the law were impaired at the time of the crime.

Dr. Puente's testimony was supported by Dr. Lara's testimony, who testified that the defendant suffered from mild mental retardation and that his performance on tests indicated evidence of chronic brain damage. The defendant scored a 64 on an IQ test administered by Dr. Lara. Dr. Lara concluded that the defendant's mental condition significantly restricted his ability to conform his actions to the limits established by the law.

The testimony of Dr. Puente and Dr. Lara constitutes substantial evidence that would support a finding by the jury that the defendant's age at the time of the crime was mitigating. Therefore, the trial court was required to submit the (f)(7) statutory mitigating circumstance to the jury. *See id.* at 407, 450 S.E.2d at 885.

This Court has repeatedly held that the failure to submit to the jury a statutory mitigating circumstance that is supported by the evidence is reversible error, unless the State can prove the failure to submit was harmless beyond a reasonable doubt. *State v. Wilson*, 322 N.C. 117, 145, 367 S.E.2d 589, 605 (1988). The State argues that the jury considered the evidence concerning the defendant's mental age

STATE v. ZUNIGA

[348 N.C. 214 (1998)]

when it weighed the (f)(2), (f)(6), and the nonstatutory mental retardation mitigating circumstances, and that it is clear that the jury would still have returned a sentence of death. We disagree. The State's argument ignores the fact that each statutory mitigating circumstance must be given individual weight, if found to exist. *See State v. Greene*, 329 N.C. 771, 776-77, 408 S.E.2d 185, 187 (1991). Furthermore, the submission of nonstatutory mitigating circumstances that parallel statutory mitigating circumstances does not satisfy the State's burden of showing harmlessness beyond a reasonable doubt because the jury was not required to give mitigating value to the nonstatutory mitigating circumstances. *See State v. Quick*, 337 N.C. 359, 364, 446 S.E.2d 535, 538 (1994). Thus, the failure to submit the (f)(7) mitigating circumstance was prejudicial error.

The defendant made several other assignments of error which we do not discuss because the questions they raise may not recur at a new sentencing proceeding.

For the reasons stated above, the defendant is entitled to a new capital sentencing proceeding.

NEW SENTENCING PROCEEDING.

Justice LAKE dissenting.

I believe that the trial court's failure to submit to the jury the statutory mitigating circumstance of the defendant's age was not error which requires that defendant receive a new sentencing hearing, his third. Furthermore, even assuming *arguendo* that the trial court erred in failing to submit the age statutory mitigating circumstance *ex mero motu*, the trial court's failure to do so was harmless error beyond a reasonable doubt. For this reason, I respectfully dissent.

The majority in this case holds, based on *State v. Holden*, 338 N.C. 394, 407-08, 450 S.E.2d 878, 885 (1994), that defendant is entitled to a new sentencing proceeding because the trial court failed to submit the (f)(7) mitigating circumstance of defendant's age to the jury.

I believe the majority opinion represents an overly technical and strained, if not incorrect, interpretation of the facts and application of the law. In light of the history and particular circumstances of this case, I find *State v. Spruill*, 338 N.C. 612, 452 S.E.2d 279 (1994), *cert. denied*, 516 U.S. 834, 133 L. Ed. 2d 63 (1995), to be much closer to the

STATE v. ZUNIGA

[348 N.C. 214 (1998)]

instant case factually and procedurally, and thus it, rather than *Holden*, should control the outcome here. As in *Spruill*, in the instant case the evidence reveals an individual quite functional in society, though borderline intellectually, and, as a result of such evidence, a defendant who, the second time around, elected not to request submission of the (f)(7) mitigator. Under such circumstances, this Court should not render a decision which even implies a trial court must be held in error if it does not submit such mitigator *ex mero motu*.

This case involves the brutal rape and murder of a seven-year-old girl by the twenty-seven-year-old defendant. The plain facts are that on 14 July 1982, the defendant raped and then proceeded to stab and suffocate April Sweet to death, leaving her body under a sourwood tree in the woods. The sheriff found April's body lying on its right side, with blood around her throat and flowing from between her legs. April's underwear was lying on the ground nearby, and her tank-top shirt was pulled up over her head.

As the majority opinion reflects, defendant has already been found guilty of first-degree murder and first-degree rape in this case, and he has twice been sentenced to death upon the recommendation of two separate juries. This Court found no error and affirmed the conviction and the death sentence in *State v. Zuniga*, 320 N.C. 233, 357 S.E.2d 898, *cert. denied*, 484 U.S. 959, 98 L. Ed. 2d 384 (1987). On the basis of the decision of the United States Supreme Court in *McKoy v. North Carolina*, 494 U.S. 433, 108 L. Ed. 2d 369 (1990), this Court then vacated the death sentence and remanded for a new capital sentencing proceeding. *State v. Zuniga*, 336 N.C. 508, 444 S.E.2d 443 (1994). Thereafter, defendant was sentenced to death upon the recommendation of the jury, and he has again appealed to this Court.

In *Spruill*, this Court held that the failure of the trial court to submit the (f)(7) mitigating circumstance was not error where Spruill, a thirty-one year old at the time of the murder, had worked as an automobile mechanic and in a shipyard, had moved on to a better position, had attended church and had functioned quite well in the community even though Spruill was an immature, dependent person who had borderline intelligence. *Spruill*, 338 N.C. at 660, 452 S.E.2d at 305.

The evidence in this case shows that Dr. Patricio Lara, the forensic psychiatrist relied on in part by the majority, found defendant to be "quite normal" at the time of his arrest, with no evidence of acute impairment, intoxication or confusion; that defendant appeared to

understand the seriousness and criminality of the charges against him; and that defendant understood right from wrong and was therefore competent to stand trial. Dr. Antonio Puente, another of defendant's psychiatrists, testified that defendant was "somewhat functional" in society. Dr. Lara additionally testified that after the crimes, defendant attempted to hide the mail containing his address and changed his bloodstained pants, indicating a conscious and calculating attempt to avoid detection. Evidence presented at trial further indicated that defendant had previously maintained employment in each of the locations where he resided. This included employment as a veterinary assistant, a cooking assistant, an exterminator, and work in furniture manufacturing and tobacco. Defendant functioned well enough in society to be able to endorse and cash checks, obtain identification cards, set up a post-office box, and engage in relationships; he could and did read the newspaper. While in prison, defendant took several classes through Wake Technical Community College, including basic education classes and classes toward his high school equivalency or GED. Defendant also received diplomas for completing a six-month religious leadership and development course.

This Court has held that " '[t]he trial court is not required to instruct upon a statutory mitigating circumstance unless substantial evidence has been presented to the jury which would support a reasonable finding by the jury of the existence of the circumstance.' " *State v. DeCastro*, 342 N.C. 667, 692, 467 S.E.2d 653, 666, (quoting State v. Laws, 325 N.C. 81, 110, 381 S.E.2d 609, 626 (1989), *sentence vacated on other grounds*, 494 U.S. 1022, 108 L. Ed. 2d 603 (1990)), *cert. denied*, —— U.S. ——, 136 L. Ed. 2d 170 (1996). The chronological age of a defendant is not the determinative factor under N.C.G.S. § 15A-2000(f)(7) in determining whether the evidence is sufficient to submit the (f)(7) mitigating circumstance to the jury. *State v. Oliver*, 309 N.C. 326, 372, 307 S.E.2d 304, 333 (1983). In *State v. Johnson*, 317 N.C. 343, 346 S.E.2d 596 (1986), this Court reiterated that the statutory mitigating circumstance of age is based on a "flexible and relative concept of age." *Id.* at 393, 346 S.E.2d at 624. Nevertheless, evidence showing emotional immaturity is not viewed in isolation, particularly where other evidence shows "more mature qualities and characteristics." *Id.* While we have held that chronological age is not *the* determinative factor on this mitigator, we do not fail to consider and weigh chronological age and the life experiences embodied in it. Thus, consistent with our determination in *Spruill*, I would conclude that the indistinct evidence of this defendant's limited intellectual

development is counterbalanced by his chronological age of twenty-seven years, his relative academic achievement, his work history and his generally normal social skills, such that the "trial court [was] not required to submit the mitigating circumstance of age." *Spruill*, 338 N.C. at 660, 452 S.E.2d at 305.

In this regard, it is significant that in *Spruill*, this Court specifically considered defendant's failure to submit the (f)(7) mitigating circumstance in determining whether the trial court erred in not submitting (f)(7) to the jury *ex mero motu*. *Id.* In the instance case, it should be noted that in defendant's first sentencing proceeding, in 1985, his attorneys requested and the trial court submitted the (f)(7) mitigating circumstance to the jury, but the jury refused to find it. Upon review of this issue, this Court stated:

> By requesting an instruction that the "age" mitigating circumstance may include mental as well as chronological age, the defendant was apparently arguing that the defendant's mental age was below his chronological age of twenty-seven years. However, we find no evidence in the record to support such an instruction and thus nothing which would entitle defendant to the submission of this factor.

*Zuniga*, 320 N.C. at 272-73, 357 S.E.2d at 922. With this background, in defendant's 1995 resentencing proceeding, his attorneys apparently decided not to submit the (f)(7) mitigating circumstance, even in light of the presumed "enhanced" evidence of mental impairment.

However, notwithstanding the question of sufficiency of the evidence to submit, and assuming *arguendo* the trial court erred in failing to submit the (f)(7) mitigating circumstance to the jury *ex mero motu*, the defendant is not entitled to a third resentencing proceeding because this error is harmless beyond a reasonable doubt. The trial court's asserted error here "is prejudicial unless the State can demonstrate on appeal that it was harmless beyond a reasonable doubt." *State v. Quick*, 337 N.C. 359, 363, 446 S.E.2d 535, 538 (1994). The State has clearly done so in this case. Although the (f)(7) mitigator was not submitted to the jury, the trial court did submit a list of thirteen mitigating circumstances for the jury's consideration. The jury found four of these, including: (1) the capital felony was committed while the defendant was under the influence of mental or emotional disturbance, N.C.G.S. § 15A-2000(f)(2); (2) the capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was impaired,

N.C.G.S. § 15A-2000(f)(6); (3) the defendant is mentally retarded; and (4) the facts and circumstances of the defendant's birth, childhood and adolescence in Mexico. Therefore, the jury did find two statutory mitigating circumstances, (f)(2) and (f)(6), and two nonstatutory mitigating circumstances, three of which bear directly on the subject of defendant's mental or emotional maturity or capacity. The jury thus clearly found, considered and weighed all possible circumstances ("mental disturbance," "impaired capacity" and "mental retardation") which the majority now holds should have been considered under the (f)(7) mitigator.

Accordingly, based on these four mitigating circumstances which the jury found, it is as certain as anything can be in this process that even " 'had this statutory mitigating circumstance been found and balanced against the aggravating circumstances, the jury would still have returned a sentence of death.' " *Quick,* 337 N.C. at 363, 446 S.E.2d at 538 (quoting State v. Mahaley, 332 N.C. 583, 599, 423 S.E.2d 58, 67-68 (1992), *cert. denied,* 513 U.S. 1089, 130 L. Ed. 2d 649 (1995)).

The defendant received a fair trial and a second fair sentencing proceeding, free from any prejudicial error. He is entitled to nothing more from the courts of this State.

Justice PARKER joins in this dissenting opinion.